**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**


**CHARLES E. VENUS, JR.**

**V.**                                                                              **LR-CR-99-160**

**UNITED STATES OF AMERICA**


### ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE

Petitioner was indicted in a five count indictment on September 8, 1999.  Pursuant to a plea agreement, Mr. Venus pled guilty to a superseding information charging him with distribution of marijuana, a violation of 21 U.S.C. § 841, and possession of a firearm in connection with a drug trafficking charge, a violation of 18 U.S.C. § 924(c).  On April 7, 2000, the Court sentenced Petitioner to an 18 month minimum guideline sentence for the marijuana violation and a mandatory 60 month sentence to run consecutively for the firearm violation.  Petitioner did not file a direct appeal.

On August 3, 2004, Petitioner, acting pro se, filed a motion to correct an illegal sentence pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  The Government responded.  Subsequently, the Court appointed counsel to represent Petitioner in his attempt to have his sentence corrected and an amended/supplemented pleading was filed on behalf of Mr. Venus.  For the reasons set forth below, the motion is DENIED.

   A.  <u>Rule 60(b)</u>

Petitioner contends that he is making this motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) of the Federal Rules of Civil Procedure applies only to civil cases and does not provide for relief from judgment in a criminal case.  *See United States v.*

*Eggleston,* 24 Fed. Appx. 656, 2002 WL 57265 (8th Cir. 2002)(unpublished opinion); *United States v. Mosavi,* 138 F.3d 1365, 1366 (11th Cir.1998); *United States v. Davis,* 930 F.2d 919 (6th Cir.1991).  Although Petitioner states that he is seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a careful reading of his petition indicates that he is in fact challenging his sentence.  This challenge ought to have been made under 28 U.S.C. § 2255.  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).  Therefore, the Court will also construe the pending motion as one for habeas relief under 28 U.S.C. § 2255.

  B. Section 2255 Motion

Motions made under 28 U.S.C. § 2255 are subject to a one-year period of limitation to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made *retroactively applicable* to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. . . .

28 U.S.C. § 2255 (emphasis added).

Petitioner filed this motion in August 2004, over four years after his judgment of conviction became final.  However, Petitioner argues that the one-year period of limitation should begin to run when *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004) was handed down by the Supreme Court because *Blakely* changed the landscape of federal sentencing

2

under the United States Sentencing Guidelines.  The Court finds this argument to be without merit.

Because Mr. Venus's criminal conviction became final before the decisions in *Blakely* or *U.S. v. Booker,* 543 U.S. 220, 125 S. Ct. 738 (2005) were announced, these cases are inapplicable to his § 2255 petition.  Like all other circuits that have considered the issue, the Eighth Circuit has held "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings."  *Never Misses a Shot v. United States,* 413 F.3d 781 (8th Cir.2005).  Thus, Petitioner's § 2255 motion was not timely filed and is denied.

The Court notes that even if *Booker* were applicable to his case, Petitioner cannot show a reasonable probability that he would have received a more favorable sentence if the Court had treated the Guidelines as advisory, rather than mandatory.  *See United States v. Pirani,* 406 F.3d 543, 551-53 (8th Cir.2005) (en banc), *petition for cert. filed,* (U.S. July 27, 2005) (No. 05-5547)(sentence at bottom of range, without more, is insufficient to demonstrate reasonable probability that court would have imposed a lesser sentence absent *Booker* error).

    C.    <u>Jurisdictional Attack</u>

In his pro se motion, Petitioner argues that the Court did not have jurisdiction in his case.  Rule 12(b)(2) permits the district court to notice a jurisdictional challenge "at any time during the pendency of the proceedings." *United States v. Wolff,* 241 F.3d 1055, 1056-57 (8th Cir.2001). The proceeding that lead to Petitioner's conviction and sentence is no longer pending.  Therefore, his motion under Rule 12(b)(2) is denied.  *U.S. v. Patton,* 309 F.3d 1093, 1094 (8th Cir. 2002).

For all of these reasons, the Petitioner's Motion (Docket # 33, #34 and # 44) is DENIED.

IT IS SO ORDERED this 7th day of March 2006.

_/s/ James M. Moody_
James M. Moody
United States District Judge